**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 120974

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charlotte Engel, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Stephen Einstein & Associates, P.C. and Cavalry SPV I, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

Charlotte Engel ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Stephen Einstein & Associates, P.C. ("*Einstein*") and Cavalry SPV I, LLC ("*Cavalry*") (collectively "*Defendants*"), as follows:

## INTRODUCTION

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Charlotte Engel is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Stephen Einstein & Associates, P.C., is a New York Professional Corporation with a principal place of business in New York County, New York.

9.      On information and belief, Defendant Cavalry SPV I, LLC, is a New York Limited Liability Company with a principal place of business in Westchester County, New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

13.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto,*

2

*Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

15.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

16.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

17.     Defendant Stephen Einstein & Associates, P.C. regularly collects or attempts to collect debts asserted to be owed to others.

18.     Defendant Stephen Einstein & Associates, P.C. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19.     The principal purpose of Defendant Stephen Einstein & Associates, P.C. business is the collection of such debts.

20.     Defendant Stephen Einstein & Associates, P.C. uses the mails in its debt collection business.

21.     Defendant Stephen Einstein & Associates, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

22.     Defendant Cavalry SPV I, LLC is in the business of purchasing consumer debts which are in default and collecting on same.

23.     The principal purpose of Defendant Cavalry SPV I, LLC's business is the collection of such debts.

24.     Defendant Cavalry SPV I, LLC is not the original creditor of any loan to Plaintiff.

25.     On information and belief, based upon the representation contained in the collection letter more fully described *infra.,* the original creditor for the loan at issue was "Barclays Bank Dealware".

26.     Defendant Cavalry SPV I, LLC uses the mails in its debt collection business.

27.     On information and belief, Defendant Cavalry SPV I, LLC hired Defendant Stephen Einstein & Associates, P.C. to collect the alleged Debt.

28.     Defendant Cavalry SPV I, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29.     Defendant Cavalry SPV I, LLC is liable for its own actions, as well as the actions of its agent, Defendant Stephen Einstein & Associates, P.C..

30.     Defendants allege that Plaintiff owes a debt (the "alleged Debt").

31.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

32.     The alleged Debt does not arise from any business enterprise of Plaintiff.

33.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

34.     At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

35.     At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

36.     In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by calls to Plaintiff's telephone.

37.     In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by letters, including the letter dated August 24, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as "Exhibit 1").

38.     The Letter was the initial written communication Plaintiff received from

4

Defendants concerning the alleged Debt.

39.     The Letter conveyed information regarding the alleged Debt.

40.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

41.     The Letter was received and read by Plaintiff.

42.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

43.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

44.     Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

45.     Plaintiff's injury is directly traceable to Defendants' conduct, because Defendants sent the Letter.

46.     A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

47.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

48.     Plaintiff has been misled by Defendants' actions.

49.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in their attempts to collect the alleged Debt.

50.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause her unwarranted economic harm.

51.     As a result of Defendants' conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

52.     As a result of Defendants' conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the alleged Debt.

53.     Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10)**

54.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

57.     15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

58.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

59.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

60.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

61.     A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

62.     The Letter is on the letterhead of the law firm Stephen Stephen Einstein & Associates, P.C. & Associates, P.C.

63.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

64.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

65.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

66.     The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

67.     The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

68.     The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

69.     The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

70.     As such, the least sophisticated consumer would likely feel threatened.

71.     As such, the least sophisticated consumer would likely feel intimidated.

72.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

73.     As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm.

74.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendants if he or she did not pay the debt.

75.     However, no attorney with Defendant Stephen Einstein & Associates, P.C. sent the Letter to Plaintiff.

76.     No attorney with Defendant Stephen Einstein & Associates, P.C. was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

77.     No attorney with Defendant Stephen Einstein & Associates, P.C. was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

78.     No attorney with Defendant Stephen Einstein & Associates, P.C. was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

79.     The Letter's signature block states "The Law Office of Stephen Stephen Einstein & Associates, P.C. & Associates, P.C.," but is unsigned.

80.     The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the alleged Debt.

81.     The Letter fails to provide any disclaimer such as "Please be advised that we are

acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 364 (2005).

82.     The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

83.     The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

84.     The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

85.     The least sophisticated consumer would likely be misled to believe that an attorney determined that the letter should be sent.

86.     Defendant's conduct is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

87.     Defendant's conduct is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

88.     Defendant's conduct is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

89.     Defendant's conduct is a false representation that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

90.     Defendant's conduct is a false implication that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

91.     Defendant's conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

92.     Defendant's conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

93.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and are liable to Plaintiff therefor.

## SECOND COUNT
## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10)

94.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein. and realleges the foregoing paragraphs as if fully restated herein.

95.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

96.     The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

97.     The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

98.     The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

99.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

100.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

101.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

102.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

103.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

104.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

105.    The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to dispute the debt.

106.    The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to demand validation of the debt.

107.    The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to request information concerning the current creditor.

108.    The least sophisticated consumer, upon reading that her account was assigned to a law firm, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

109.    When a law firm is acting solely as a debt collector in sending a dunning letter, the law requires the law firm to issue a disclaimer indicating such.

110.    The Second Circuit has recognized that debt collection letters printed on "law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter. *Bitzko v. Weltman, Weinberg & Reis Co*., LPA, No. 117CV00458BKSDJS, 2019 WL 4602329, at *4 (N.D.N.Y. Sept. 23, 2019).

111.    To most consumers, the relevant distinction between a collection agency and an attorney is the ability to sue," a letter signed by an attorney signals to the unsophisticated consumer that legal action is at hand. *Herzlinger v. Nichter*, No. 7:09-CV-00192, 2011 WL 1434609, at *6 (S.D.N.Y. Feb. 9, 2011), on reconsideration in part, No. 7:09-CV-00192, 2011 WL 1408180 (S.D.N.Y. Apr. 5, 2011).

112.    To balance these interests, the law requires that law firms when acting as debt collectors provide a disclaimer such as "Please be advised that we are acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 364 (2005).

113.    The least sophisticated consumer, upon reading that her account was assigned to a law firm, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the debt, she could nevertheless by sued even during the verification process.

114.    Because the Letter failed to explain that the placement of the alleged Debt with a law firm for collection did not override her validation rights, the least sophisticated consumer is less likely to realize that such rights are not affected by the fact that Plaintiff's account was assigned to a law firm.

115.    Because the Letter failed to explain that the placement of the alleged Debt with a law firm for collection did not override her validation rights, the least sophisticated consumer is likely to overlook the rights, especially in relation to the fact Plaintiff's account was assigned to a law firm.

116.    Because the Letter failed to explain that the placement of the alleged Debt with a law firm for collection did not override her validation rights the least sophisticated consumer is likely to believe the rights are unimportant, especially in relation to the fact Plaintiff's account was assigned to a law firm.

117.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

118.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

119.    As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer confused as to her rights.

120.    As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer uncertain as to her rights.

121.    Defendants violated § 1692g as Defendants overshadowed the information required to be provided by that Section.

122.    Defendants violated § 1692g(b) as the potential threat of legal action overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

123.    Defendants violated § 1692g(b) as the potential threat of legal action is inconsistent with disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

124.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

125.     While Section 1692e specifically prohibits certain practices, the list is nonexhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

126.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

127.     As a result of the foregoing, the Letter is deceptive.

128.     As a result of the foregoing, the Letter constitutes a deceptive means to attempt to collect the Debt.

129.     As a result of the foregoing, the Letter violates 15 U.S.C. §§ 1692g and 1692e, and Defendants are liable to Plaintiff therefor.

**THIRD COUNT**
**15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10)**

130.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

131.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

132.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

133.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

134.     A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

135.     The Letter claims that Plaintiff owed $897.92 (the "Claimed Amount").

136.     Plaintiff did not owe the Claimed Amount.

137.     In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

138.     Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

12

139.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

140.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

141.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

142.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

143.    Defendant's allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false, deceptive, and misleading representation made by Defendants in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

144.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## FOURTH COUNT
### 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10)

145.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

146.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

147.    As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

148.    To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

149.    A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

150.    The Letter claims the name of the creditor to whom the alleged Debt is owed is

13

Cavalry SPV I, LLC (the "Putative Creditor").

151.    Plaintiff did not owe the alleged Debt to the Putative Creditor.

152.    The Putative Creditor never offered to extend credit to Plaintiff.

153.    The Putative Creditor never extended credit to Plaintiff.

154.    Plaintiff was never involved in any transaction with the Putative Creditor

155.    Plaintiff never entered into any contract with the Putative Creditor

156.    Plaintiff never did any business with the Putative Creditor.

157.    Plaintiff was never indebted to the Putative Creditor

158.    The Putative Creditor is a stranger to Plaintiff.

159.    Defendant's statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

160.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

161.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

162.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

163.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

164.    Defendant's allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendants in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

165.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**FIFTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

166.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

167.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

168.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

169.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

170.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

171.    The Letter claims that Plaintiff owes a debt to Cavalry SPV I, LLC, on account of a debt that purportedly originated with an entity identified as "Citibank, N.A."

172.    Plaintiff was never advised by Citibank, N.A. that any debt allegedly owed by her was being sold to Cavalry SPV I, LLC.

173.    Plaintiff was never advised by Citibank, N.A. that any debt allegedly owed by her was being assigned to Cavalry SPV I, LLC.

174.    Plaintiff was never advised by Citibank, N.A. that any debt allegedly owed by her was being transferred to Cavalry SPV I, LLC.

175.    Plaintiff was never advised by Cavalry SPV I, LLC that it had purportedly purchased any debt allegedly owed by her to Citibank, N.A.

176.    Plaintiff was never advised by Cavalry SPV I, LLC that it had purportedly acquired any debt allegedly owed by her to Citibank, N.A.

177.    Plaintiff was never advised by Cavalry SPV I, LLC that it had purportedly been assgined any debt allegedly owed by her to Citibank, N.A.

178.    Cavalry SPV I, LLC is a stranger to Plaintiff.

179.    Upon information and belief, Cavalry SPV I, LLC holds no legally cognizable right, title or interest in any debt Plaintiff allegedly owed to Citibank, N.A.

180.    Defendants' allegation that Plaintiff owed a debt to Cavalry SPV I, LLC, when Plaintiff did not owe a debt to Cavalry SPV I, LLC, is a false representation made by Defendants

15

in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

181.    Defendants' allegation that Plaintiff owed a debt to Cavalry SPV I, LLC, when Plaintiff did not owe a debt to Cavalry SPV I, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

182.    Defendants' allegation that Plaintiff owed a debt to Cavalry SPV I, LLC, when Plaintiff did not owe a debt to Cavalry SPV I, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

183.    Defendants' allegation that Plaintiff owed a debt to Cavalry SPV I, LLC, when Plaintiff did not owe a debt to Cavalry SPV I, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

184.    Defendants' allegation that Plaintiff owed a debt to Cavalry SPV I, LLC, when Plaintiff did not owe a debt to Cavalry SPV I, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

185.    Defendants' allegation that Plaintiff owed a debt to Cavalry SPV I, LLC, when Plaintiff did not owe a debt to Cavalry SPV I, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

186.    Defendants' allegation that Plaintiff owed a debt to Cavalry SPV I, LLC, when Plaintiff did not owe a debt to Cavalry SPV I, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

187.    Defendants' allegation that Plaintiff owed a debt to Cavalry SPV I, LLC, when Plaintiff did not owe a debt to Cavalry SPV I, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

188.    Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

189.    Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

190.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## JURY DEMAND

191.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.      Finding Defendant's actions violate the FDCPA; and

b.      Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

c.      Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and

d.      Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

e.      Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: February 5, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 120974